# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**BRYAN P. STURDY,**

     **Plaintiff,**

**v.**                                                                    **Case No: 5:15-cv-92-Oc-32PRL**

**WAL-MART STORES EAST, LP**

     **Defendant.**

_____

## ORDER

This case comes before the Court for consideration of Plaintiff's Reply to and Motion to Strike Affirmative Defenses (Doc. 4), to which Defendant has responded.  (Doc. 5).  For the reasons explained below, Plaintiff's motion is due to be denied because there is no basis upon which to strike the disputed affirmative defense.

## BACKGROUND

On October 16, 2014, Plaintiff initiated this action in state court alleging that he was injured while using a toilet in the restroom of Defendant's Wal-Mart store.  (Doc. 1).  On the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1446(b), Defendant removed the action to this Court when it became apparent through discovery that Plaintiff was seeking damages in excess of $75,000.00.  (Doc. 1, ¶¶ 21, 23).

Defendant's Answer to the Complaint (Doc. 3) contains five affirmative defenses.  While the case was still pending in state court, Plaintiff replied to each of Defendant's affirmative defenses, and moved to strike the Fourth Affirmative Defense.  (Doc. 4).

### LEGAL STANDARDS

Although this case was initiated in state court, following removal, the Federal Rules of Civil Procedure now apply.  *See* Fed. R. Civ. P. 81(c).  Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike, however, are generally disfavored and will usually be denied unless it is clear that the pleading (or portion thereof) that is sought to be stricken is legally insufficient.  *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999).  Indeed, a "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation marks omitted); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574 (M.D. Fla. 1995).  And, "[t]o the extent defenses amount to denials, 'the proper remedy is not to strike the claim[s], but instead to treat [them] as . . . specific denial[s]."  *Goodbys Creek, LLC*, 2009 WL 1139572, at *3 (citing *Bluewater Trading LLC v. Wilmar USA, Inc.*, 2008 WL 4179867, at *2 (S.D. Fla. Sep. 9, 2008)).

A defense is sufficiently pled under Rule 8, Fed. R. Civ. P., if it is stated in "short and plain terms."  In asserting a defense, "it is not always necessary to allege the evidentiary facts constituting the defense," *Blanc v. Safetouch, Inc.*, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008); rather, the pleading need only give fair notice of the defense(s) "so that [the] opposing part[y] may respond, undertake discovery, and prepare for trial," *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006).

## ANALYSIS

In Defendant's Fourth Affirmative Defense (Doc. 3, ¶ 4), it asserts that Plaintiff's alleged injuries were "caused or contributed by the negligence or fault of others," citing *Fabre v. Martin*, 623 So.2d 1182 (Fla. 1993).   Plaintiff argues, "[t]o the extent that the Defendant's Fourth Affirmative Defense seeks to name a non-party customer as a *Fabre* defendant, the Plaintiff seeks to STRIKE the Affirmative Defense."   (Doc. 4, ¶ 17).   Plaintiff argues that the alleged *Fabre* defendant had no duty to the Plaintiff to exercise reasonable case, to report the condition of the men's restroom, or to correct or warn of the condition.   Plaintiff also contends that there is no evidence supporting the conclusion that the hazardous condition was created by a single customer or group of customers.

In response, Defendant argues that Plaintiff's motion to strike improperly attempts to contradict the factual allegations of the affirmative defense.    Defendant also argues it was required to raise the *Fabre* defense under Florida law in its initial pleading under Fla. Stat. § 768.81(3)(a)(1).

The Court agrees that there is no basis upon which to strike Defendant's Fourth Affirmative Defense.   *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (stating that in evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings).   The defense puts into issue relevant and substantial legal and factual questions, and is sufficient to survive a motion to strike. *See Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on March 5, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties